# J. E. Hecker, use of George W. Magee, v. Daniel Mourer, Appellant.

*Vendor and vendee—Sale and delivery—Lien of subsequent judgment.*

Where possession, equitable interest and legal estate had all passed from
a vendor before the entry of a judgment against said vendor upon a recog-
nizance wherein the vendor was surety, it follows that no lien attaches to
the property in question by reason of the entry of such judgment.

Argued May 13, 1898.   Appeal, No. 201, April T., 1898, by
defendant, from judgment of C. P. Mercer Co., Oct. T., 1897,
No. 84, on verdict for plaintiff.   Before RICE, P. J., WICK-
HAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ.
Affirmed.

Assumpsit.   Before MILLER, P. J.

The following facts were specially found by the jury:

1. That on the 10th day of June, 1897, Geo. W. Magee ten-
dered to Daniel Mourer a deed for the land in question, executed
by J. E. Hecker and wife, and in favor of Daniel Mourer.

2. That the article of agreement for the sale of the land in question between J. E. Hecker and Daniel Mourer was assigned by J. E. Hecker to Geo. W. Magee on November 23, 1896, and that Daniel Mourer first knew of said assignment on the 14th day of September, 1897.

3. We find for the plaintiff the sum of $800, being the balance of purchase money due on the sale of the land in question by J. E. Hecker to Daniel Mourer, and interest up to April 1, 1897, and if the court should be of opinion on the question reserved that the plaintiff is entitled to the interest from and after April 1, 1897, the amount of such interest after April 1, 1897, shall be added to the said sum of $800 in favor of the plaintiff, and the following questions of law were reserved:

[1. Under the law and evidence in this case, is the plaintiff entitled to interest on the amount of $800, being the balance of the purchase money on the article of agreement between J. E. Hecker and Daniel Mourer, from and after April 1, 1897 ?

2. Under the special verdict to be found by the jury, is the plaintiff entitled to interest on the sum of $800 from and after April 1, 1897 ?

3. Did the assignment of the article between J. E. Hecker and Daniel Mourer to Geo. W. Magee (said assignment dated November 23, 1896), and the delivery of the deed of J. E. Hecker and wife to Daniel Mourer to Geo. W. Magee on November 23, 1896, divest the title of J. E. Hecker in the land in question so that the judgment in favor of the commonwealth of Pennsylvania against Wm. Limbert and J. E. Hecker, entered January 16, 1897, was not an incumbrance on the title ?

4. Under the law and the evidence is the plaintiff entitled to a verdict for the full amount of his claim?] [1]

Verdict and judgment for plaintiff for $800.    Defendant appealed.

*Error assigned* was entering judgment in favor of plaintiff on the questions of law reserved, reciting same.

*W. H. Cochran,* for appellant.—The error complained of arises under the third reserved question of law, and in short is whether under the law and evidence in the case the plaintiff is entitled to recover.

It is a general principle of law that, in all cases where it becomes necessary for the purpose of justice, that the true time when any legal proceeding took place should be ascertained, the fiction of law introduced for the sake of justice is not to prevail against the fact: 4 Kent's Comm. 454.

It will be noted that this fiction is only resorted to in order to give validity to the deed, and it may be questioned whether judgment recovered would not still be a lien where the grantor has made a delivery in escrow.

If, for sake of argument, we admit the delivery in this case to have been in escrow, still the recovery of the commonwealth's judgment constitutes no such legal necessity, in order to avoid injury to the operation of said deed, that it should relate back to the first delivery, and hence this would not come under any class of exceptions to the general rule.

However, we contend that there was no delivery of any kind made; that the said deed was simply in the hands of said Magee to be by him delivered on April 1st following, as the agents of the vendor; that said vendor still had control of said deed, and the possession of the same by his agent was the vendor's possession, and that hence the judgment recovered on January 16, 1897, became an incumbrance on said legal title then remaining in the vendor, which under his agreement he was bound to remove before he could recover the balance of the purchase money, for which reasons we submit that the judgment of the learned court below should be reversed.

*E. P. Gillespie*, of *Gillespie & Pettit*, for appellee.—It is the general principle that a judgment binds only such estate of the defendant as he had at the moment of its recovery: Taylor v. Preston, 79 Pa. 436.

OPINION BY BEAVER, J., July 29, 1898:

On the 14th of November, 1896, Hecker, the legal plaintiff, by a contract in writing, agreed to sell and convey to Mourer, the defendant, certain real estate therein described, for the sum of $800, $10.00 cash, receipt of which was acknowledged "and a further sum of seven hundred and ninety dollars to be paid April 1, 1897, to satisfy a judgment of record against said property in favor of George W. Magee, amounting to eight hundred dol-

lars." On the 23d of November, 1896, Hecker assigned this agreement to Magee, the use plaintiff, at the same time delivering to him a deed for the property and taking therefor a receipt of even date as follows: "Received from J. E. Hecker the article of agreement, also the deed between him and Daniel Mourer for house and lot at Kremis, Pa., for which I am to release the docket of the prothonotary in Mercer, Pa., of the judgment of $800, which was filed against him on October 17th, 1896, and is in my favor." This judgment, as shown by the testimony of the defendant, was satisfied. The defendant took possession of the premises December 1, 1896, as stipulated in the agreement and remained in possession thereof.

On January 16, 1897, a judgment was entered at the suit of the commonwealth in a scire facias upon a recognizance wherein Hecker was surety for one Limbert, which said recognizance was forfeited June 13, 1896. Upon the trial, the court reserved this question of law, among others: "3d. Did the assignment of the article between J. E. Hecker and Daniel Mourer to George W. Magee, said assignment dated November 23, 1896, and the delivery of the deed of J. E. Hecker and wife to Daniel Mourer to George W. Magee on November 23, 1896, divest the title of J. E. Hecker in the land in question, so that the judgment in favor of the commonwealth of Pennsylvania against William Limbert and J. E. Hecker, entered January 16, 1897, was not an encumbrance on the title?" Upon this and other questions of law reserved the court below entered judgment in favor of the plaintiff for the sum of $826.88 and costs.

The only error complained of is the entry of judgment upon the third reserved question above stated.

The single and simple question for us to determine is, Had Hecker any estate, legal or equitable, in the property agreed to be conveyed to Mourer on November 16, 1896, and for which he delivered a deed to Mourer to Magee, November 23, 1896, which was bound by the judgment of the Commonwealth v. Limbert & Hecker, entered January 16, 1897? He certainly had no equitable estate. The entire balance of the purchase money due under the agreement with Mourer was, by the terms of the agreement itself, payable to Magee. Hecker, therefore, had no real interest whatever in the property. Had

he any legal title or estate which could be bound by the judgment of the commonwealth? He not only assigned the agreement with Mourer to Magee but delivered the deed which was the evidence of the legal title to him in consideration of the satisfaction of the judgment which Magee held against him. The delivery of the deed to Magee was, therefore, for a full consideration and without any conditions whatever annexed thereto. How did Magee hold the deed of Hecker to Mourer? Certainly not as Hecker's agent. As is well remarked by the appellant, the deed was not an escrow, because no conditions were annexed to the delivery to Magee. He did not hold it for himself, for the title did not vest and was not intended to vest in him. Hecker had no claim upon the deed in Magee's hands nor had he any claim whatever against Mourer. His estate, legal and equitable, passed from him by the assignment of the agreement and the delivery of the deed to Magee on November 23, 1896, when he received as a full equivalent therefor the satisfaction of the judgment of Magee against him. Magee, therefore, could hold the deed to the property in question only in trust for Mourer, the purchaser, and must be considered as having so held it from the date of its delivery by Hecker to him. Not only had the title to the property passed from Hecker prior to the entry of the judgment of the Commonwealth v. Limbert and himself, but his vendee had actually taken possession and was in the quiet enjoyment thereof before the judgment was entered.

Possession, equitable interest and legal estate had all, therefore, passed from Hecker before the entry of the judgment of the commonwealth. What was there in him to which the judgment could attach or become a lien? Nothing whatever. Everything had passed from him irrevocably and Magee simply held the deed as a mere trustee for Mourer. This legal title, all the remaining estate being already in him, Mourer had a right to receive upon the payment of the purchase money stipulated to be paid by him in the original agreement to Magee.

The judgment was properly entered and is, therefore, affirmed.